```
ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

EMILY R. DAHLKE (CABN 322196)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7124
    Fax: (415) 436-7234
    Emily.Dahlke@usdoj.gov

Attorneys for United States of America
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JOSE GARCIA ACOSTA <br><br> Defendant. | CASE NO. 3-23-mj-71479- MAG <br><br> **UNITED STATES' MOTION FOR DETENTION** <br><br> Date:  10/10/2023 <br> Time:  10:30 a.m. <br> Court:  Honorable Lisa J. Cisneros |

## I.  INTRODUCTION

In the early morning hours of October 3, 2023, when most San Franciscans were quietly beginning their day, Jose Garcia Acosta ("defendant") was fueling the fentanyl crisis by selling lethal drugs to struggling addicts on the streets of the Tenderloin. Between approximately 6:45 a.m. and 7:12 a.m. law enforcement watched the defendant engage in multiple hand-to-hand drug transactions around Van Ness Avenue and Eddy Street. Law enforcement arrested the defendant and found him to possess fentanyl and methamphetamine. At the time he was arrested, the defendant was in the country illegally, had at least one outstanding San Francisco warrant and was on active felony probation. His criminal history coupled with his conduct on the date of his arrest demonstrates his clear disregard for the law. He is both a flight risk and a public safety risk and must be detained.

UNITED STATES' DETENTION MEMORANDUM        1

## II.        LEGAL STANDARD

Under the Bail Reform Act of 1984, the Court must detain a defendant before trial without bail where "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person in the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk; the government need not prove that both factors are present. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence, but a finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Id.*

"[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated in [18 U.S.C.] § 3142(g)." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Those factors are: (i) the nature and circumstances of the offense charged; (ii) the weight of the evidence against the defendant; (iii) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (iv) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

Where there is probable cause that a defendant has violated an offense for which a maximum of ten years in prison or more is prescribed in the Controlled Substances Act, courts apply a rebuttable presumption that no condition or combination of conditions will reasonable assure the defendant's appearance as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A). Under this scheme, the burden of production shifts to the defendant. *United States v. Hir*, 517 F. 3d 1081, 1086 (9th Cir. 2008). Even if the defendant rebuts the presumption, the presumption is not erased; instead, it remains in the case as an evidentiary finding militating against release that is to be weighted along with other relevant factors. *See id.*

### III.  ARGUMENT

#### A.  The Defendant Faces a Rebuttable Presumption in Favor of Detention.

On October 3, 2023, the defendant possessed with intent to distribute fentanyl. A criminal complaint was issued on the basis of an affidavit laying out the facts of the case. On October 3, 2023, the Honorable Judge Lisa J. Cisneros signed the criminal complaint. Therefore, there is probable cause to believe the defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act. As a result, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A).

#### B.  The Defendant is a Public Safety Risk Due to His Pattern of Drug Trafficking and Criminal History

The defendant was arrested in San Francisco for drug trafficking on November 8, 2022. That case is still pending and a bench warrant was issued less than a month ago. On March 28, 2023, the defendant was arrested in Oakland for exposing his genitals and repeatedly discharging a firearm after a young transient woman denied his sexual advances. As a result of this conduct, he was convicted of a felony on May 9, 2023, for carrying a loaded firearm and sentenced to two years probation. Four days later, on May 13, 2023, a warrant was issued relating to the defendant's earlier drug trafficking case.

Five months later, October 3, 2023, brings us to the present. On that date, the defendant was once again committing crimes. Over an approximately 30 minute period, law enforcement observed him engage in a number of hand-to-hand drug transactions. These observed sales were video recorded. He was arrested, searched, and possessed 3.6 grams of fentanyl, and 4.6 grams of methamphetamine, which was packaged consistent with distribution. The defendant engaged in fentanyl and methamphetamine sales while on active felony probation and with an active warrant for a prior drug trafficking case in San Francisco. Based on the defendant's own conduct, the Court can infer that if he were released on this case, he would continue to do as he has so very recently done in the past – disregard the law and continue to sell lethal drugs.

#### C.  The Defendant Cannot Overcome the Presumption that He is a Flight Risk

The defendant is on active felony probation stemming from a felony conviction just a few

UNITED STATES' DETENTION MEMORANDUM     3

months ago in Alameda County. He has previously been arrested for drug trafficking in San Francisco and has active bench warrants related to his local case. This pattern of conduct demonstrates the defendant's disregard for court orders. Additionally, the defendant is not a United States citizen and faces deportation if convicted. The Court has no assurance that the defendant will obey orders in this case. All of these factors, when taken together, demonstrate that the defendant poses a significant flight risk.

### IV.    CONCLUSION

The defendant cannot overcome the presumption that there are no set of conditions that will reasonably assure the safety of the community or ensure his appearance at court proceedings. The Court should order the defendant detained pending trial.

DATED:  October 10, 2023                                      Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

 */s/ Emily R. Dahlke*
EMILY R. DAHLKE
Assistant United States Attorney

UNITED STATES' DETENTION MEMORANDUM        4